UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER,<br><br>    Petitioner,<br><br>    v.<br><br>K. HUGHES, Warden,<br><br>    Respondent. | NO. EDCV 14-506-SVW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On March 14, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges her conviction in San Bernardino County Superior Court in 2002. (Petition at 2.)

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California, *Fraher v. Patrick*, Case No. EDCV 06-1406-SVW (AGR) ("*Fraher I*").

In August 2002, Petitioner was convicted of three counts of vehicular manslaughter and three counts of second degree murder. (Petition at 2). On March 28, 2003, she was sentenced to 45 years to life. (*Id.*)

In *Fraher I*, Petitioner challenged the same conviction. Dkt. No. 46 at 2. A Report issued on the merits on June 5, 2008, recommending that the petition be denied and the action dismissed with prejudice. *Id.*, Dkt. No. 46. On February 9, 2010, the Court adopted the Report and entered judgment dismissing the petition with prejudice. *Id.*, Dkt. Nos. 53-54. On March 8, 2010, Petitioner filed a notice of appeal. *Id.*, Dkt. No. 56. On March 1, 2012, the Ninth Circuit denied the request for a certificate of appealability. *Id.*, Dkt. No. 63.

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Fraher I*.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: March 26, 2014

                                              STEPHEN V. WILSON
                                              United States District Judge